1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

MIKE ANDERSON NGUYEN,

                  Plaintiff,

11

12

      v.

13

RON VAN BOENING,

14

                 Defendant.

CASE NO. C10-0249-RSM

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS AND
DENYING PETITIONER'S THIRD
MOTION TO SUPPLEMENT THE
RECORD

15

16

       The Court, having reviewed Petitioner's 28 U.S.C. §2254 petition for writ of habeas

17

corpus, all papers in support and in opposition to that petition, the Report and Recommendation

18

of the Honorable James P. Donohue ("Judge Donohue"), United States Magistrate Judge,

19

Petitioner's objections thereto (Dkt. #23), and the remaining record, hereby finds and ORDERS:

20

       (1)     The Court ADOPTS the Report and Recommendation (Dkt. #19) with additional

21

comments.  The issue before the Court is whether the petition was timely under the Antiterrorism

22

and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which

23

requires a state prisoner seeking federal habeas relief to file a petition within one year after his

24

state court conviction becomes final.  28 U.S.C. §2244(d)(1)(A).  In his objections to Judge

1   Donohue's Report and Recommendation, Petitioner argues that *Wixom v. Washington*, 264 F.3d

2   894 (9th Cir. 2001), has been overruled by *Holland v. Florida*, 130 S.Ct. 2549 (2010), which was

3   decided after Judge Donohue issued his Report and Recommendation.  Judge Donohue cited

4   *Wixom* in finding that a state judgment is final after the last decision terminating review or after

5   the expiration of the time to appeal, as opposed to finding that a state court's mandate determines

6   finality, for purposes of 28 U.S.C. §2244(d)(1)(A).  *Wixom* remains controlling authority, and

7   has not been overruled by *Holland*.  The *Holland* decision dealt with the standard for equitable

8   tolling as opposed to the issue of when the habeas statute of limitations starts to run.

9        The Court now turns to Petitioner's argument that he is entitled to equitable tolling of the

10  habeas corpus statute of limitations in light of the Supreme Court's recent decision in *Holland*.

11  *Holland* held that the one-year statute of limitations on petitions for federal habeas relief by state

12  prisoners is subject to equitable tolling.  The Supreme Court had previously held that a petitioner

13  is entitled to equitable tolling only upon a showing that (1) he has diligently pursued his rights

14  and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Pace*

15  *v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  However, *Holland* concluded that the standard

16  employed by the Eleventh Circuit in determining what constituted an extraordinary circumstance

17  was too rigid.  *Holland*, 130 S. Ct. at 2562.  The standard stated that "attorney conduct that is

18  'grossly negligent' can never warrant tolling absent 'bad faith, dishonesty, divided loyalty, [or]

19  mental impairment…on the lawyer's part…'" *Id*. at 2562-63 (quoting *Holland v. Florida*, 539

20  F.3d 1334, 1339 (11th Cir. 2008), rev'd).  Thus, according to *Holland*, professional misconduct

21  may constitute extraordinary circumstances that warrant equitable tolling without a finding of

22  gross negligence.  *Id*. at 2563.

23

24

1   Nonetheless, *Holland* does not signify that Petitioner is entitled to equitable tolling.  The

2 *Holland* decision references several lower court cases where unprofessional conduct was

3 egregious and constituted extraordinary circumstances that justified equitable tolling.  *Id.* at

4 2563-64.  These cases involved a persistent lack of communication, failure to return the client's

5 files, among other serious forms of professional misconduct.  *Id.* at 2564.  By contrast, attorney

6 negligence such as missing a filing deadline does not warrant equitable tolling.  *Id.* (citing

7 *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Irwin v. Dept. of Veteran Affairs*, 498 U.S. 89,

8 96 (1990)).  The case at hand involves a missed filing deadline and a misstatement about the

9 finality of the judgment.  This is not such egregious attorney misconduct as to constitute

10 extraordinary circumstances that warrant equitable tolling.

11   Finally, Petitioner argues that Washington Courts treat a judgment as final upon the

12 issuance of the mandate from the state court.  However, a state court's interpretation of when a

13 judgment is rendered "final" does not determine finality for purposes of the federal habeas

14 statute of limitations.  *Wixom*, 264 F.3d at 897-98 & n.4.  Therefore, the petition was untimely

15 under 28 U.S.C. §2244(d)(1)(A).

16   (2)  The habeas petition is DENIED and this case is DISMISSED with prejudice.

17

18   (3)  Petitioner's Third Motion to Supplement the Record is DENIED (Dkt. #30)

19 because the declaration consists of opinion testimony, which is improper pursuant to FED. R.

20 EVID. 702.

21   (4)  In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the

22 United States District Courts, a certificate of appealability is DENIED with respect to the Court's

23 determination that Petitioner's habeas petition is untimely.

24

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S THIRD
MOTION TO SUPPLEMENT THE RECORD - 3

1

       (5)     The Clerk is directed to send copies of this Order to counsel for the parties and to

2

Judge Donohue.

3

4

5

6

       Dated November 2, 2010.

7

8

9

10

11

       RICARDO S. MARTINEZ
       UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S THIRD
MOTION TO SUPPLEMENT THE RECORD - 4